CROOKS et al. v. THE FANNY SKOLFIELD.

SKOLFIELD et al. v. THREE HUNDRED PACKAGES OF COCOANUT OIL.

(District Court, E. D. New York. December 28, 1894.)

1. SHIPPING—LOSS BY BAD STOWAGE.
    A ship accountable by the bill of lading under which cocoanut oil was shipped, for leakage caused by bad stowage, is liable where the leakage was caused by allowing the oil casks to remain on deck for two weeks in the hot sun, and by the use of green cocoanuts for dunnage.

2. SAME.
    Stowage of cargo held to be bad, where heavy casks of oil were placed on small casks of plumbago, and the ship held liable for the damage resulting.

Libels by Robert Crooks and others against the Fanny Skolfield, and by Samuel Skolfield and others against Three Hundred Packages of Cocoanut Oil.

Evarts, Choate & Beaman (Mr. Cleveland, of counsel), for libellants Crooks and others.

Owen, Gray & Sturges (Mr. Sturges, of counsel), for the Fanny Skolfield.

BENEDICT, District Judge. The first of the above-named actions is brought to recover of the bark Fanny Skolfield the value of some 12,000 pounds of cocoanut oil, which were lost during the voyage of

importation from Colombo, Ceylon, to the port of New York. By the terms of the bill of lading under which the oil was shipped, the vessel was not to be accountable for leakage, unless caused by bad stowage. After an examination of the evidence, I am satisfied that the weight of it goes to show that the oil was delivered on board the vessel in good order and condition, and that the casks containing it were not insufficient; and that the leakage in question was caused by negligent stowage on the part of the vessel, in allowing many of the casks of oil, after they were delivered to the ship, to remain on the deck in Ceylon, before they were put below, some 14 days, in very hot weather; and it was also negligence on the part of the ship, in my opinion, to use green cocoanuts for dunnage. According to the weight of evidence, green cocoanuts are not proper dunnage for such a cargo. The ship was also, in my opinion, guilty of negligence in stowing heavy casks of cocoanut oil upon small casks of plumbago, unable to sustain the weight of the oil casks. The loss of the oil sued for arose, in my opinion, from one or all of the above faults, and the ship is liable therefor.

The second of the above-named actions is brought by the owners of the ship against the casks of oil above mentioned to recover for damage to the plumbago, which was stowed below the oil, by leakage of oil upon the plumbago; which leakage, it is claimed, was caused by the insufficient condition of the casks containing the oil. As already stated, the weight of the evidence is that the casks were not insufficient, and that the damage to the plumbago arose from bad stowage by the ship of the oil which was placed above the plumbago. For that the ship alone is liable.

There must be a decree in the first of the above-named cases for the libelant, with an order of reference to ascertain the damages; and in the second case the libel must be dismissed, with costs.